**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ 2nd _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: NORMA J. CHARLES     JOINT DEBTOR: _____     CASE NO.: 17-20625-AJC

SS#: xxx-xx- 2060     SS#: xxx-xx-_____

## I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | Included | Not included |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ■ | ☐ |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ | ■ |
| Nonstandard provisions, set out in Section VIII | ■ | ☐ |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $433.33 for months 1 to 6 ;
2. $142.20 for months 7 to 36 ;
3. _____ for months ___ to ___ ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**   ☐ NONE   ☐ PRO BONO

| Total Fees: | $0.00 | Total Paid: | $0.00 | Balance Due: | $0.00 |
|---|---|---|---|---|---|

Payable  $0.00  /month (Months ___ to ___ )

Allowed fees under LR 2016-l(B)(2) are itemized below:

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE

[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Creditor: Ocwen Loan Servicing, LLC (servicer)

   Address: o/b/o HSBC Bank USA, N.A., PO BOX 24781, West Palm Beach, FL 33416-4781

   Arrearage/ Payoff on Petition Date: SEE BELOW--Trial Period Plan Approved thru MMM

   MMM Adequate Protection: $433.33 /month (Months 1 to 6 )

   MMM TPP Temporary Payment: $0.00 /month (Months 7 to 36 )

   Last 4 Digits of Account No.: 3859

Debtor(s): NORMA J. CHARLES         Case number: 17-20625-AJC

Other: _____

☒ Real Property                                    Check one below for Real Property:
   ☒ Principal Residence                    ☒ Escrow is included in the regular payments
   ☐ Other Real Property                    ☐ The debtor(s) will pay ☐ taxes ☐ insurance directly
Address of Collateral:
16920 NW 36th Avenue, Miami Gardens, FL 33056

☐ Personal Property/Vehicle
Description of Collateral: _____

B. **VALUATION OF COLLATERAL:** ☐ NONE

IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** ☐ NONE

| 1. Creditor: Provincial Investments, Inc. | Value of Collateral: $165,000.00 | **Payment** |
|---|---|---|
| Address: 1497 NW 7th Street, Miami, FL 33125 | Amount of Creditor's Lien: $0.00 | Total paid in plan: $0.00 |
| Last 4 Digits of Account No.: none | Interest Rate: 0.00% | $0.00 /month (Months 1 to 36) |
| Real Property<br>☒ Principal Residence<br>☐ Other Real Property<br>Address of Collateral:<br>16920 NW 36th Avenue, Miami Gardens, FL 33056 | Check one below:<br>☐ Escrow is included in the monthly mortgage payment listed in this section<br>☒ The debtor(s) will pay<br>☒ taxes  ☒ insurance directly | |

   2. **VEHICLES(S):** ☒ NONE
   3. **PERSONAL PROPERTY:** ☒ NONE

C. **LIEN AVOIDANCE** ☒ NONE

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
   ☒ NONE

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution fom the Chapter 13 Trustee.
   ☒ NONE

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]
   A. **ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ☒ NONE
   B. **INTERNAL REVENUE SERVICE:** ☒ NONE
   C. **DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE
   D. **OTHER:** ☒ NONE

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**
   A. Pay $0.00 /month (Months 1 to 6)
      Pay $129.27 /month (Months 7 to 36)
      Pay _____ /month (Months ___ to ___)

Debtor(s): NORMA J. CHARLES          Case number: 17-20625-AJC

Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

- B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.
- C. <u>SEPARATELY CLASSIFIED:</u>   ■ NONE

*Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

VI. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

   ■ NONE

VII. **INCOME TAX RETURNS AND REFUNDS:** ☐ NONE

   ■ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income. [Miami cases]

VIII. **NON-STANDARD PLAN PROVISIONS** ☐ NONE

   ■ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

   *Debtor will pay secured creditor, HSBC Bank USA, N.A. (serviced by Ocwen Loan Servicing, LLC) ("HSBC"), having loan number 20283859, outside the plan. On 01/17/2018, Debtor was approved for a Trial Period Plan by HSBC after participating in the Mortgage Modification Mediation (MMM) program (as described in the MMM language below). The Trial Period Plan payments are $1,743.20 per month for three months and are due on 03/01/2018, 04/01/2018, and 05/01/2018. This overrides and replaces the adequate protection payment required in the first paragraph of the MMM language below. The remainder of the MMM language below remains in force. Debtor will make the Trial Period Plan payments directly to HSBC in order to ensure timely payments under the trial period to ensure eligibility for a permanent modification.

   *Creditor, Provincial Investments, Inc. does not use account numbers to identify accounts, only borrower names, per Provincial Investments, Inc. owner, Sheldon Palley. Debtor confirmed this on November 29, 2017.

   *If the debtor receives gambling winnings during the pendency of the plan, the debtor shall turn over any gross winnings to the Chapter 13 Trustee for the benefit of the unsecured creditors.

   ■ Mortgage Modification Mediation

Debtor(s): NORMA J. CHARLES   Case number: 17-20625-AJC

1  The debtor has filed a Verified Motion for Referral to MMM with:
HSBC Bank USA, N.A. (serviced by Ocwen Loan Servicing, LLC) ("Lender")
loan number 20283859
for real property located at 16920 NW 36th Avenue, Miami Gardens, FL 33056

The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

Debtor(s): NORMA J. CHARLES    Case number: 17-20625-AJC

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

| Debtor | Date | Joint Debtor | Date |
|---|---|---|---|
| NORMA J. CHARLES | | | |

| Mandy L. Mills, Esq. | 02/23/2018 |
|---|---|
| Attorney with permission to sign on Debtor(s)' behalf | Date |

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.**